Date signed December 12, 2007



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| NICOLE M. SMITH | : | Case No. 07-19364PM |
| | : | Chapter 13 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

### MEMORANDUM OF DECISION

Before the court is the Chapter 13 Trustee's Motion to Dismiss this case on the grounds that the Debtor's secured debt, as shown on her Schedule D, totals $1,247,861.00 and thus exceeds the secured debt limitation of $922,975.00 for eligibility to file cases under Chapter 13 contained in § 109(e) of the Bankruptcy Code. The Trustee also argues that because the Debtor acquired her interest in her residence by virtue of a "no consideration" Deed that was recorded the day before the filing of this bankruptcy case under Chapter 13, that this case is one of manufactured jurisdiction and an abuse of the bankruptcy process.[1]

The Debtor argues that the "new debtor syndrome" is not relevant to this case because the Deed that conveyed an interest to the Debtor was signed and notarized three months before the filing of the bankruptcy case. Counsel states that he was not contacted by the Debtor until she had received the notice of foreclosure, some two months after the signing of the Deed. Next,

---

[1] The "new debtor syndrome" is a terms applied by courts to identify cased filed in bad faith where relief from the automatic stay for cause is warranted. These cases involve a transfer of distressed property, usually to a newly created corporation at a time within close proximity of a bankruptcy filing. Generally, the debtor has no other assets and minimal unsecured debt. *See In re Duvar Apt., Inc.* 205 B.R. 196, 200 (BAP CA9 1996); *Carolin Corp. v. Miller*, 886 F.2d 693, 696 (CA4 1989).

the

Debtor argues that this case belongs in Chapter 13 because if Debtor's husband, Lewis W. Robinson III, had filed the case, because of the amount of his debt secured by deeds of trust, he would have been ineligible to file under Chapter 13 and would have had to file under Chapter 11. It is also argued that Mr. Robinson's very high level of employment security clearance might be impacted by the notice of the filing of his bankruptcy case. Finally, Debtor points out that, as set forth in her Schedules, the junior liens are unsecured, and in Chapter 7 the property would be sold without any surplus, and no creditor would receive anything other than the holder of the senior lien. Thus forcing this case into Chapter 7 is of no benefit to her unsecured creditors. Unlike cases discussing the "new debtor syndrome,"the Debtor has other debt aggregating $12,225.88 that would be addressed in this case under Chapter 13.

The Trustee's Motion is predicated upon § 109(e) of the Bankruptcy Code that provides:

> **11 U.S.C. § 109.  Who may be a debtor**
>
> (e)  Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $307,675 and noncontingent, liquidated, secured debts of less than $922,975, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $307,675 and noncontingent, liquidated, secured debts of less than $922,975 may be a debtor under chapter 13 of this title.

The court need not reach the issue of whether this case presents a classic "new debtor syndrome" case. Similarly, the court is unimpressed by the argument that Mr. Robinson's security clearance may be impacted on account of his failure to make current payments on a home that he purchased April 19, 2007, as to which the senior secured creditor's proof of claim states there was an arrearage claim at the time the case was filed of $26,038.75. The issue presented is one of rudimentary bankruptcy law. As the Court of Appeals stated in the case *Glance v. Carroll*, 487 F.3d 317 (CA6 2007), a debtor is subject to the debt limitation of § 109(e) even where the debtor is not personally liable on the obligation.[2]

At this point, one need only look to two sections at the very beginning of the Bankruptcy

---

[2] In the *Glance* case, the debtor co-signed the mortgage, but the court finds this factor a distinction without a difference for the reasons stated hereafter.

Code for the rule of decision. Section 101(12) provides the "term 'debt' means liability on a claim." Section 102(2) of the Code provides that a "'claim against the debtor' includes claim against property of the debtor." When Debtor acquired the property, she acquired it subject to the claims of the secured creditors. As the *Glance* court points out, "[n]or need the debtor be personally liable on a claim for it to be valid; the Code provides that a 'claim against the debtor' includes [a] claim against property of the debtor." ( *Citing*, *Johnson v. Home State Bank*, 501 U.S. 78, 85 (1991) ("A fair reading of § 102(2) is that a creditor, who like the Bank in this case, has a claim enforceable only against the debtor's property nonetheless has a 'claim against the debtor' for purposes of the Code.").

The court will therefore enter an order dismissing this case on the seventh (7th) day following the entry of this opinion in the event Debtor does not convert this case to a case under Chapter 7 or a case under Chapter 11, should Debtor still wish to pursue relief under the Bankruptcy Code. At that point, Debtor's counsel will have to decide whether he wishes to continue representation of the Debtor, considering, as he points out, that when he undertook this case he received no "up-front" fees.

cc:
Timothy P. Branigan, Esquire, P.O. Box 1902, Laurel MD 20725-1902
Brett Weiss, Esq., 18200 Littlebrooke Drive, Olney, MD 20832
Nicole M. Smith, 6500 Detrick Road, Mt. Airy, MD 21771

**End of Memorandum**